UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARSHALL CALLAHAN                                                                              PLAINTIFF

VERSUS                                                                 CIVIL ACTION NO. 1:19CV299-RPM

JOSHUA CSASZAR et al                                                                        DEFENDANTS

### MEMORANDUM OPINION & ORDER

Plaintiff Marshall Callahan, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging constitutional violations arising from his incarceration at the South Mississippi Correctional Institution.  The Court conducted a screening hearing on January 29, 2020.  Doc. [40-1].

In his complaint, Plaintiff alleges that on December 24, 2018, during "pill call", he and Defendant Captain Sheniece Evans had a verbal altercation.  At the time of the incident, Plaintiff was waiting to receive his diabetes medication, but Evans told him to go back to his housing unit.  Plaintiff refused to return to the housing unit without first receiving his medication.  According to Plaintiff, Evans instructed some "organization members" to take care of Plaintiff; and if they did not, she would send the K-9 unit to "repo" the gang members' contraband.  Gang members under Evans' "administration" then viciously and repeatedly beat Plaintiff while Evans watched.  Defendant Shaquill Crosby, a corrections officer, allegedly witnessed the attack but did nothing to prevent or stop it.

As a result of the attack, Plaintiff alleges he sustained numerous cuts and bruises, as well as busted blood vessels in his eyes.  His eyes were swollen shut.  One of the assailants stabbed him in the shoulder.  He continues to have vision problems in his right eye, as well as back and neck problems.  He alleges he was denied medical treatment for three or four days after the

incident, because Defendant Evans advised medical staff not to see him.  Defendant Crosby also failed to provide Plaintiff with medical attention despite Plaintiff's requests.  Plaintiff alleges Defendant Joshua Csaszar is implicated as a defendant because he employs the other defendants and is responsible for the overall care of all MDOC offenders.

Defendants filed a motion for summary judgment on August 28, 2020.  Doc. [40].  Defendants argue that all of Plaintiff's claims should be dismissed because he failed to fully exhaust administrative remedies prior to filing his lawsuit.  Defendants also seek dismissal of any official capacity claims on grounds of sovereign immunity.  Finally, Defendant Csaszar asserts he is entitled to qualified immunity and that he is not subject to supervisory liability for the actions of his subordinates.  Plaintiff has not filed a response in opposition to the motion for summary judgment.

On February 24, 2021, the Court entered an order directing Plaintiff to file a response to Defendants' motion for summary judgment limited to the exhaustion issue.  Doc. [43].  The order was returned in the mail "undeliverable".  Doc. [44].  A previous "Text Only Order" mailed to Plaintiff on August 24, 2020, also had been returned to the Court as "undeliverable".  Doc. [42].  On August 19, 2020, an order reassigning the case was returned "undeliverable" as well.  Doc. [38].  Plaintiff has been advised on several occasions that it is his responsibility to maintain a current address with the Court.  *See* Doc. [3] [5] [8] [10] [12].  In each of these orders, Plaintiff was cautioned that failure to advise the Court of a change of address may result in dismissal of his case.  Likewise, at the screening hearing conducted on January 29, 2020, the Court again advised Plaintiff of his obligation to maintain a current address with the Court.  Doc. [40-1] at 9. Based on a review of the docket, it is apparent that, contrary to the Court's instructions, Plaintiff has failed to maintain a current address of record with the Court since at

least August 19, 2020.  Nor has he communicated with the Court in any other manner since May 29, 2020, when Plaintiff filed a notice of service of interrogatories.  Doc. [34].  The Court finds Plaintiff's complaint should be dismissed without prejudice for failure to comply with the Court's orders and for failure to prosecute his claims.

    IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's 42 U.S.C. § 1983 complaint is dismissed without prejudice.

    SO ORDERED AND ADJUDGED, this the 23rd day of March 2021.

    /s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE